## ZAJDAK v. LISBON FALLS FIBER CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—QUESTION FOR JURY—NEGLIGENCE.

    In an action by a servant for injuries inflicted by a defective pulp machine, whether the servant, who had informed the foreman of the defects and been promised repairs, was negligent in continuing at the work, *held* to be for the jury.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

. Appeal from Trial Term, Queens County.

Personal injury action by Steven Zajdak, an infant, by Joseph Zajdak, his guardian ad litem, against the Lisbon Falls Fiber Company. There was a judgment of nonsuit, and plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Ira B. Wheeler, for appellant.

G. Glenn Worden, for respondent.

GAYNOR, J. The work of the plaintiff in the defendant's pulp mill was to stand at the rear of a pulp machine with a stick in his hands, and taking it by one end draw the other end, which was pointed, along a roller from end to end, and in that way clear the roller of constantly accumulating pulp. Some holes had worn in the roller, and the stick would get caught in them, and in that way it would be suddenly drawn forward, and the plaintiff with it, unless he let go of it or could pull it out, as the roller, which was parallel to him, revolved away from the plaintiff. The plaintiff called the attention of the foreman thereto, and he said the roller would be repaired. The stick afterwards got caught in one of the holes and as he was suddenly drawn forward and let go

of it his foot slipped on the floor and he fell into the machine and was hurt. The learned trial judge held that the cause of the fall was the slip, and nonsuited on that ground. But it was a question of fact whether the predicament of the stick was not the cause of the slip, and if it was, it, and not the slip, was the proximate cause of the fall. That the floor was wet, as it necessarily was constantly, does not matter; it still remains that the cause of the slip was the pulling forward of the stick. The question of contributory negligence in continuing at the work was for the jury.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.